IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRIC OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GAIL E. GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| Vs. | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC. | ) | |
| | ) | |
| Defendant. | ) | |

## **FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff Gail E. Gibson, by and through her undersigned counsel, and for her First Amended Complaint against Defendant Portfolio Recovery Associates, LLC., ("Defendant") states to the Court as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter the "FDCPA"), and for malicious prosecution and punitive damages. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C § 1692(k) and 28 U.S.C. §1331. This Court has subject matter jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. §1337.

3. This Court has jurisdiction over Defendant by virtue of the fact that it is engaged in the business of collecting debts within this judicial district.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

### III.  PARTIES

5. Plaintiff Gail E. Gibson is an individual residing in Warren County, Missouri.

6. Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.

7. Upon information and belief, Defendant Portfolio Receivables, LLC., is a for-profit limited liability company organized under Virginia law and a "debt collector" within the meaning of 15 U.S.C §1692a(6).

8. Defendant regularly purchases debts allegedly owed by Missouri residents, and attempts to collect these alleged debts by filing lawsuits in various counties within the state of Missouri.

### FACTS COMMON TO ALL COUNTS

9. The debt which Defendant alleged Plaintiff was obligated to pay in the prior lawsuit between the parties is a debt as that term is defined by 15 U.S.C. §1692(a)(5).

10. Plaintiff incurred the monetary obligations arising from transactions on a credit card made primarily for personal, family, or household purposes.

11. On September 17, 2010, Defendant filed a lawsuit against Plaintiff in the Associate Circuit Court of Warren County, Missouri, cause no. 10BB-AC00716, in which it alleged that Plaintiff Gibson owed an outstanding balance on an old Capital One credit card account.  A copy of that lawsuit is marked Exhibit A attached hereto and incorporated herein by reference.

12. On or about February 10, 2011, Plaintiff served upon Defendant in the underlying state case, a request for production of documents and interrogatories which requested that Defendant provide to Plaintiff specific information to related to the alleged debt. Thereafter, Defendant dismissed its state court case on April 27, 2011.

## COUNT I

### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § *et seq*)

13. The Fair Debt Collection Practices Act at 15 U.S.C. §1692(e) provides in pertinent part that:

A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section;
    (2) The false representation of-
        (a) The character, amount, or legal status of any debt;

14. Defendant made false, deceptive or misleading representations in its Petition in the prior case and in discovery during the case related to the character, amount or legal status of the alleged debt by:

a. falsely stating that Plaintiff is indebted to Defendant in the amount of $641.92 plus interest and attorneys fees, despite not having sufficient documents related to the account in its possession when it filed the prior case, nor the ability or intention of obtaining documents thereafter necessary to verify the account;

b. falsely stating that Defendant has a valid assignment from Capital One Bank.

c. falsely stating that Plaintiff had made an unconditional promise to pay.

d. filing a false affidavit which claimed that the true and correct debt against Plaintiff was $641.92.

15. The aforesaid false statements and actions of Defendant were made with the intent of harassing and intimidating Plaintiff so that she would not contest the validity of the alleged debt and pay amounts which she does not owe and are not collectible as a matter of law.

16. The Fair Debt Collection Practices Act provides for actual damages, statutory damages up to $1,000.00 per violation, costs of this action and reasonable attorneys' fees.

17. As a direct and proximate result of the foregoing violations of the Fair Debt Collection Practices Act by Defendant, Plaintiff has suffered emotional distress and physical discomfort, lost wages and has incurred attorney's fees in defense of the prior lawsuit between the parties and the prosecution of this action.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment against Defendant for actual damages, statutory damages in the amount of $1,000.00 per violation of the Fair Debt Collection Practices Act, cost of this action, reasonable attorneys' fees, and any and all such additional and further relief as this Court deems just or proper under the circumstances.

## COUNT II

### Malicious Prosecution

COMES NOW Plaintiff and as and for this Count II states to the Court as follows:

18. Plaintiff incorporates herein the foregoing paragraphs 1 through 17 with the same force and effect as if set forth herein at length.

19. The prior Warren County lawsuit was terminated in Plaintiff's favor when Defendant abandoned its case against Plaintiff and voluntarily dismissed its case after Plaintiff requested that Defendant produce documents and answer interrogatories related

to the debt. Rather than provide any information related to the account, Defendant dismissed the state collection action.

20. Defendant had no probable cause for the prosecution of its case in Warren County, in that Defendant did not have sufficient documents related to the account in its possession when it filed the prior case, nor the ability or intention of obtaining documents thereafter necessary to verify the account or prove its case in court

21. Defendant acted with malice and an improper and wrongful motive when it filed its prior lawsuit against Plaintiff, knowing that it could not recover for the alleged debt. Defendant has a practice in this state of dismissing any collection lawsuit it files once a Defendant requests that Plaintiff provide information related to an account

22. As a result of Plaintiff's malicious prosecution, Defendant has suffered emotional distress, humiliation, embarrassment and the general impairment of her social standing and reputation, and other damages undetermined at the time of filing of this action.

23. Plaintiff's conduct in maliciously prosecuting the prior state court action against Plaintiff has been done with malice and ill will, and with a conscious and reckless disregard for the rights of Plaintiff which entitle Plaintiff to an additional award of punitive damages.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment against Defendant in this Count II for actual damages, punitive damages to be determined by the jury in a sufficient amount to deter Defendant from such conduct in the future, for cost of this action, reasonable attorneys' fees, and any and all such additional and further relief as this Court deems just or proper under the circumstances.

Respectfully submitted,

*Dennis M Devereux*
Dennis M. Devereux  #33478
Attorney for Defendant
7 Pines Court, Suite C
St. Louis, MO 63141
314-579-2450
314-878-5114 fax

devereuxdennis@yahoo.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon the following attorney for Defendant by electronic service through the ECF system this 25th day of January, 2012:

John Mark Hongs
Hinshaw & Culbertson LLP
701 Market Street, Suite 1300
St. Louis, MO 63101-1843

# IN THE 12TH JUDICIAL CIRCUIT COURT, WARREN COUNTY, MISSOURI

**SERVE**

| Judge or Division:<br>WESLEY CLAY DALTON | Case Number: 10BB-AC00716 |
|---|---|
| Plaintiff/Petitioner:<br>PORTFOLIO RECOVERY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>BRIAN ROY BETNER<br>1000 CAMERA AVENUE<br>SUITE A<br>ST LOUIS, MO 63126 |
| Defendant/Respondent:<br>GAIL E GIBSON | Date, Time and Location of Court Appearance:<br>10-NOV-2010, 09:00 AM |
| Nature of Suit:<br>AC Suit on Account | DIVISION 2 COURTROOM<br>104 WEST MAIN STREET<br>WARRENTON, MO 63383 |

**RECEIVED SEP 2 0 2010 By _____**

(Date File Stamp)

## Associate Division Summons

**The State of Missouri to:** GAIL E GIBSON
**Alias:**
29472 WALNUT HOLLOW DR
WRIGHT CITY, MO 63390-3192

**COURT SEAL OF WARREN COUNTY**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

09-17-10                    _Jeni Jordan/xw_
Date                                                     Clerk

**Further Information:**

### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other_____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)   Subscribed and sworn to before me on _____ (date).
My commission expires: _____          _____
                              Date                                       Notary Public

**Sheriff's Fees, if applicable**
Summons                     $_____
Non Est                     $_____
Sheriff's Deputy Salary
Supplemental Surcharge      $  10.00
Mileage                     $_____ ( _____ miles @ $._____ per mile)
**Total**                   $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**SERVICE COPY**

OSCA (7-09) SM20 (ADSM) *For Court Use Only*: Document ID# 10-ADSM-                                                                 517.041 RSMo

#10500394

IN THE CIRCUIT COURT OF WARREN COUNTY
ASSOCIATE JUDGE DIVISION
STATE OF MISSOURI

PORTFOLIO RECOVERY ASSOCIATES )
LLC, A LIMITED LIABILITY )
COMPANY )
)
         Plaintiff, )  Cause No. 10 BB-AC00716
)
vs. )  Division No.
)
GAIL E GIBSON )
)
SERVE AT: )
29472 WALNUT HOLLOW DR )
WRIGHT CITY MO 63390-3192 )
)
         Defendant(s). )

STATE OF MISSOURI
In Circuit Court
FILED
SEP 17 2010
Jerri Jordan
Circuit Clerk
Warren County

**PETITION**

**COUNT I – SUIT ON CONTRACT**

COMES NOW, Plaintiff, PORTFOLIO RECOVERY ASSOCIATES, and for its cause of action against Defendant(s), states as follows:

1. All times pertinent therein, Plaintiff was at all times relevant herein a A LIMITED LIABILITY COMPANY, duly organized and existing under law.

2. Plaintiff is the holder of a valid assignment of an account which originated with CAPITAL ONE BANK.

3. Defendant(s) is/are resident(s) of WARREN COUNTY, Missouri.

4. CAPITAL ONE BANK and Defendant(s) entered into a contract, whereby CAPITAL ONE BANK extended credit pursuant to the terms and conditions of a credit agreement (hereinafter referred to as "Agreement") and Defendant(s), in exchange for the use of the credit extended, agreed to pay CAPITAL ONE BANK for all amounts due resulting from the authorized use pursuant to the

Agreement, including any finance charges and any other charges due under the terms of the Agreement.

5. CAPITAL ONE BANK fully abided by the terms and conditions as set forth in said Agreement.

6. Defendant(s) has/have not made all payments to CAPITAL ONE BANK pursuant to the Agreement.

7. CAPITAL ONE BANK sent monthly statements to the Defendant(s).

8. Defendant(s) breached the Agreement by failing to pay the amount owed.

9. As a direct and proximate result of the Defendant's breach of the Agreement, CAPITAL ONE BANK has sustained damages in the sum of $641.92.

10. CAPITAL ONE BANK has fully performed, pursuant to the terms of the Agreement or its performance has been excused due to Defendant's breach.

11. CAPITAL ONE BANK, and subsequently, Plaintiff, have made demand for payment of the outstanding sum of $641.92, but Defendant(s) has/have failed and refused to pay.

WHEREFORE, Plaintiff, PORTFOLIO RECOVERY ASSOCIATES prays for judgment in Count I against Defendant(s), in a sum of $641.92, plus interest from May 19, 2006, all costs expended herein and for any other and further relief this Court deems just and proper.

## COUNT II – MONEY HAD AND RECEIVED

COMES NOW, Plaintiff, and for its alternative cause of action against Defendant(s), states as follows:

1. Plaintiff restates and re-alleges each and every paragraph of Count I as if fully set forth herein.

2. Defendant(s) received and used (or authorized the use of) the credit knowing that CAPITAL ONE BANK expected to be repaid for all monies advanced, together with interest

thereon. With each use of the credit CAPITAL ONE BANK paid money on Defendant's behalf to the merchant with whom the credit was used. Defendant(s) accepted said funds for the purchase of goods, wares, merchandise or services and has/have been unjustly enriched by failing to repay such sums.

3. Plaintiff is the assignee of the Issuer's right to be repaid by Defendant(s) for such money had and received, and it is entitled to recover from Defendant(s) the sum of $641.92, that being the balance due through May 19, 2006.

WHEREFORE, Plaintiff, PORTFOLIO RECOVERY ASSOCIATES prays for judgment in Count II against the Defendant(s) in the sum of $641.92, together with interest as provided by law from May 19, 2006, all costs expended herein and for any other and further relief this Court deems just and proper.

## COUNT III - ACCOUNT STATED

COMES NOW, Plaintiff, and for its alternative cause of action against Defendant(s), states as follows:

1. Plaintiff restates and re-alleges each and every paragraph of Counts I and II as if fully set forth herein.

2. Defendant(s) and CAPITAL ONE BANK had previous financial transactions related to the Agreement issued to Defendant(s) by CAPITAL ONE BANK, at Defendant's insistence and request.

3. Pursuant to said transactions, CAPITAL ONE BANK sent Defendant(s) statements of account, to which Defendant(s) did not object.

4. Pursuant to the terms and conditions sent to Defendant(s) in the Agreement, and governing its use, the Defendant(s) made an unconditional promise to pay the amount due with the use of said card.

5.   The balance agreed to by the parties is $641.92.

6.   The Defendant(s) has/have failed to keep his/her/their promise to pay said balance, despite demand for same having been made.

7.   Plaintiff is the assignee of CAPITAL ONE BANK to be repaid by Defendant(s) on the account, and it is entitled to recover from Defendant(s) the sum of $641.92, that being the balance due through May 19, 2006.

WHEREFORE, Plaintiff, PORTFOLIO RECOVERY ASSOCIATES prays for judgment in Count III against the Defendant(s) in a sum of $641.92, together with interest as provided by law from May 19, 2006, all costs expended herein and for any other and further relief this Court deems just and proper.

GAMACHE & MYERS, P.C.

BY: _____

Brian R. Betner 61367
BrianBetner@gmcollects.com

BRIAN R BETNER, MBE 61367
MARY K. MAZANEC, MBE 52304
RAYMOND P BOZARTH, MBE 52666
Attorneys for Plaintiff
1000 CAMERA AVE STE A
CRESTWOOD, MO  63126
(314) 835-6602
FAX (314) 835-6604

"THIS COMMUNICATION IS FROM A DEBT COLLECTOR, IN AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

#10500394

## **VERIFICATION**

I, the Affiant, of lawful age, state that I am the Attorney for the Plaintiff; the Defendant(s) is/are not member(s) of the Armed Services of the United States of America, all according to the best of my information, knowledge and belief.

Executed this day July 16, 2010.

Subscribed and sworn to before me on July 16, 2010.

NOTARY PUBLIC

My Commission expires:



JULI L. SEALS
My Commission Expires
October 17, 2010
St. Louis County
Commission #06954935

**"THIS COMMUNICATION IS FROM A DEBT COLLECTOR, IN AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."**

OUR FILE NUMBER: 10500394
YOUR FILE NO. ██████3373

STATE OF VIRGINIA
CITY OF NORFOLK

## AFFIDAVIT

I hereby certify and affirm that I am the   Custodian of Record
_____
                                                  (Title)
of   Portfolio Recovery Associates, LLC   _____
                  (Name of Business)

( )  A sole proprietorship

( )  A partnership comprised of the following partners:
     _____
     _____

(X)  A Limited Liability Company organized under and existing by virtue
     of the laws of the State of Delaware

( )  A Corporation duly incorporated under and existing by virtue of
     the laws of the State of _____

I further state that the claim and cause of action of the aforesaid against GAIL E GIBSON is in the sum of $641.92.

I further certify that I am duly qualified and competent to testify to the matters stated herein, and authorized to make this Affidavit. I further state that the records of this account are maintained under my supervision, have been reviewed by your Affiant, and that the amount of the claim is just and true to the best of my personal knowledge, and that all just and lawful offsets, payments and credits have been allowed.

Executed this _____ day of   JUN 2 8 2010
_____, 20____.

_____        Retha Gray
Signature                        Printed Name of Affiant

The foregoing Affidavit sworn to and subscribed before me this ____
____ day of   JUN 2 8 2010   _____, 20____.

*Jamie DeAnn Lemaster*
*Commonwealth of Virginia*
*Notary Public*
*Commission No. 7204490*
*My Commission Expires 08/31/2012*

_____
Notary Public

My Commission Expires:

**"THIS IS A COMMUNICATION FROM A DEBT COLLECTOR, IN AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."**

```
   1         20100603_RMAPRA_5▓▓▓▓▓▓▓▓3373_▓▓▓▓▓▓▓▓3373_20060519_stmt.txt

     PMCP16701/051906/03:53      CYCLE # 18              BANKCARD STATEMENT INFORMATION
            05/18/06                PAGE 5448

     ▓▓▓▓▓▓▓-9503373 REFERENCE NUMBER           MERCHANT DESCRIPTION
     TRANS    POST MAIL/ SIC TMP    FLR    LCS  MEM
     AMOUNT   DATE PHONE CODE  POST        CRB  ID
     05-18    001                                PAST DUE FEE
      29.00 05 18            0  0   3             00000000
     05-18    002                                PURCHASE FINANCE CHARGE
      14.18 05 18            0  0   3             00000000

                                         PREV-BAL  CASH-ADV  PURCHASES    LIFE   FIN-CHG
         CREDITS     PAYMTS    NEW-BAL   MIN-PAYMT
     GAIL E GIBSON

      418 WOOLF RD                         598.74       .00      29.00     .00    14.18
            .00        .00     641.92     641.92
     WARRENTON         MO 63383-6139


     ---------------------------------------------------------------       --- DEBIT ACT
     DATES ---                                                             CASH

     PURCHASE     SPL TRNSFR
                                           BILL UNPAID BAL                 .00
      270.41         .00      FIN CHG     06/25/2005
        CREDIT LIMIT             300      BILL UNPAID FIN CHG              .00
       70.78         .00      MEM FEE     02/05/2005
        AVAILABLE CREDIT         .00      PREVIOUS BAL                     .00
      341.19         .00      OL          02/05/2005
        OVERALL APR            28.49      AVG BAL                          .00
      605.56         .00      PAST DUE    04/18/2006
        CASH LIMIT              300       FIN CHG                          .00
       14.18         .00      RET CHECK   02/05/2005
        CASH AVAILABLE          .00       NEW BAL                          .00
      641.92         .00
        TOTAL PAYMENTS,CREDITS,ADJUSTMENTS          .00   TOTAL TRANSACTIONS     29.00
     SPL XFER LIMIT         SPL XFER AVAIL          .00
        BILLED UNPAID AMTS: PASTDUE   180.55   OVERLIMIT   58.00   RETURN CHK      .00
     MEMBER  19.00    CA FRONT END       .00   MISC         .00
        CLIENT            01

        COMPANY         0001                BALANCE       APR         FC
     BALANCE     APR       FC         ---- MISCELLANEOUS ----
        ASSOCIATE        527   BAL MTHD 2         .00    28.49        .00
      605.56    28.49      14.18
        AFFINITY         001
                                DUE DATE       06/17/06
        PRODUCT           25
                                STMT CLOSE DT  05/18/06
        SUB-PRODUCT      002
                                PAST DUE NOTICE        0
        STATE-TERMS       34
                                CYCLE DAYS            30
        DISPUTE UNPAID PURCHASE BEG BAL:      0.00      DISPUTE UNPAID SPL TRNSFR BEG
     BAL:        0.00
        DISPUTE UNPAID PURCHASE END BAL:      0.00      DISPUTE UNPAID SPL TRNSFR END
     BAL:        0.00
                                          Page 1
```

THIS STATEMENT IS AN ACCOUNT SUMMARY
  IT IS NOT A CREDIT CARD STATEMENT

DNM: Z   20100603_RMAPRA_5█████████3373_█████████3373_20060519_stmt.txt

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**THIS STATEMENT IS AN ACCOUNT SUMMARY
IT IS NOT A CREDIT CARD STATEMENT**

Page 2